# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | | |
|---|---|---|
| **REBECCA MOREHOUSE** | : | |
| 110 Vixen Circle, Unit F. | : | |
| Branson, Missouri 65616 | : | |
| | : | |
| And | : | |
| | : | |
| **WILLIAM MOREHOUSE** | : | |
| 110 Vixen Circle, Unit F. | : | |
| Branson, Missouri 65616 | : | |
| | : | |
| PLAINTIFFS, | : | Civil Case No.: **2:16cv789** |
| | : | |
| v. | : | Judge: _____ |
| | : | |
| **STEAK N SHAKE INC.** | : | Magistrate: _____ |
| c/o CSC-LAWYERS INCORPORATING: | | |
| SERVICE (Statutory Agent) | : | |
| 50 West Broad Street - #1800 | : | |
| Columbus, Ohio 43215 | : | |
| | : | |
| DEFENDANT. | : | |

## **COMPLAINT**

NOW COME Plaintiffs, by and through counsel, and for Plaintiffs' causes of action, states as follows:

### I. *NATURE OF CASE*

1. This is an action for damages and redress for deprivation of rights secured by the Comprehensive Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161, *et seq*; and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 2001, *et seq.*

### II. *PARTIES, JURISDICTION, AND VENUE*

2. Rebecca Morehouse is an individual who resides in the City of Branson, County of Taney, State of Missouri.

3. William Morehouse is the husband of Rebecca Morehouse, resides with Ms. Morehouse, and was a beneficiary under the insurance plan in which Rebecca Morehouse was enrolled while working at Steak N Shake. ("SNS").

4. Steak N Shake, Inc. ("SNS") is a foreign corporation doing business in the state of Ohio and was Rebecca Morehouse's employer in the state of Ohio.

5. At all times relevant herein, Ms. Morehouse was employed at the SNS located at 50840 Valley Frontage Road, St. Clairsville, Ohio 43950.

6. Upon information and belief, SNS is the plan administrator of the health insurance plan SNS provides to its employers.

7. The unlawful practices alleged herein were committed by SNS in the State of Ohio.

8. This court has jurisdiction over the actions asserted herein pursuant to 29 U.S.C. §1132. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

### III. GENERAL ALLEGATIONS

9. Ms. Morehouse worked full-time for SNS from October, 2012 until she was forced to reduce her work hours beginning May 26, 2013 as a result of a work related injury.

10. Under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), an employer must provide an employee with notification of his or her right to receive continued health insurance benefits within 30 (thirty) to 44 (forty-four) days after the occurrence of a qualifying event ("COBRA notification").

11. Pursuant to the COBRA statute, Plaintiffs were entitled to an eighteen month period of coverage dating back to the qualifying event that resulted in a loss of coverage.

12. Plaintiffs were entitled to notice of their COBRA benefits on or before July 9, 2013 as a result of the May 26, 2013 reduction of hours.

13. SNS permitted Plaintiffs to continue enrollment under the health care plan by deducting the premium from Ms. Morehouse's temporary total compensation payments received through the worker's compensation program.

14. Ms. Morehouse's temporary total compensation payments ended on September 1, 2013.

15. On October 2, 2013, Plaintiffs were notified their insurance was terminated for failure to pay premiums.

16. Although SNS had knowledge of Plaintiffs' need for health insurance, a COBRA notification was never sent to Plaintiffs.

17. Had Plaintiff received notification in a timely manner, Mrs. Morehouse would have exercised her right to continued health insurance coverage through the mandatory minimum period of coverage, or November 26, 2014.

18. Plaintiffs suffered numerous emergency room visits for pancreatitis due to delayed treatment caused by a lack of insurance.

19. On or about June 4, 2014, Plaintiff underwent a total knee arthroplasty which cost approximately $75,000.

20. If Plaintiffs had health insurance at the time of their treatment, the insurance would have covered these medical expenses.

21. Despite its obligation to do so, Defendants failed to provide Plaintiffs the statutorily-mandated COBRA notification.

22. As a result of Defendants failure to provide the statutorily-mandated COBRA notification, Plaintiffs have been damaged.

## IV. *FIRST CAUSE OF ACTION*

(Violation of Comprehensive Omnibus Budget Reconciliation Act, 29 U.S.C.S. §1161)

23. Plaintiffs incorporate the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24. Rebecca Morehouse is a covered employee under COBRA.

25. William Morehouse is a qualified beneficiary under COBRA.

26. Defendant SNS is subject to the notice requirements of COBRA under 29 U.S.C. § 1161 because it employs more than twenty employees.

27. COBRA, at U.S.C. § 1161 et seq, provides that an employer must give former employees the right to elect to temporarily continue health benefit coverage.

28. Pursuant to 29 U.S.C. § 1132, any administrator who fails to send timely COBRA notification is liable to the beneficiary for up to $110 per day from the date of such failure.

29. Rebecca Morehouse's reduction in work hours occurred on May 26, 2013, and lead to a loss of insurance coverage.

30. Despite having direct knowledge of Mrs. Morehouse's need for health insurance, SNS did not send notice of Plaintiffs' COBRA rights.

31. As a result of SNS's violation of the COBRA statute, Rebecca and William Morehouse, are each entitled to recover damages, in an amount up to $110 per day, from the date that SNS violated the COBRA statute to present.

32. Rebecca and William Morehouse are entitled to recover medical expenses they incurred due to SNS's COBRA violation, and other appropriate equitable relief to be determined at trial.

33. Rebecca and William Morehouse are entitled to recover all attorneys' fees and costs they expend in bringing this action.

## V.  SECOND CAUSE OF ACTION

(Breach of Fiduciary Duty, in violation of ERISA § 502)

34. Plaintiffs' incorporate the allegation contained in paragraphs 1 through 33 as if fully set forth herein.

35. Despite having knowledge of Plaintiffs' need for insurance, SNS did not send Plaintiffs notification of their COBRA rights, which constitutes a breach of SNS's fiduciary duty.

36. As a result of SNS's breach of its fiduciary duties to the Plaintiffs, Rebecca and William Morehouse are entitled equitable relief to be determined at trial.

37. Additionally, Rebecca and William Morehouse are entitled to recover attorneys' fees and costs expended in bringing this action.

## VI. PRAYER FOR RELIEF

WHEREFORE, Rebecca and William Morehouse pray for judgment against SNS as follows:

A.  For a finding that the acts of SNS and complained of herein were unlawful employment practices that violated the Plaintiffs' rights secured by the COBRA and ERISA.

B.  For an order and judgment against SNS for Plaintiffs' medical expenses incurred because of SNS's violations.

   C. For the statutory penalty of $110 per day per beneficiary for SNS's violation of COBRA;

   D. For the Plaintiffs' reasonable attorneys' fees and costs of court;

   E. For such further and other relief the Court deems appropriate.


Respectfully submitted,

    <u>s/ [Sonia T. Walker]</u>
    Sonia T. Walker (0070422)
    Calig Law Firm, LLC
    513 E. Rich St., Ste. 210
    Columbus, OH 43215
    Phone: (614) 252-2300
    Fax: (614) 252-2558
    swalker@caliglaw.com
    *Attorney for Plaintiffs Rebecca and William Morehouse*